IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| STEPHANIE LAMARR,<br><br>Plaintiff,<br><br>vs.<br><br>LEWIS AND CLARK COUNTY, MONTANA,<br><br>Defendant. | Cause No. CV 26-105-BU-SPW<br><br>ORDER |

Plaintiff Stephanie Lamarr has filed a 42 U.S.C. § 1983 Complaint and a motion to proceed in forma pauperis. (Docs. 1 and 2.) The motion is granted. The Complaint fails to state a claim upon which relief can be granted, and the Court must abstain from hearing it. The Complaint is dismissed.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

LaMarr has moved to proceed in forma pauperis. She declares that she has insufficient financial resources to pay the filing fee or costs in this matter. (Doc. 1.) LaMarr's motion is granted.

## II. STATEMENT OF THE CASE

### A. Parties

Plaintiff Stephanie LaMarr names Lewis and Clark County, Montana, as the

sole defendant. (Doc. 2 at 1.)

### B. Allegations

LaMarr alleges that Defendant Lewis and Clark County "used the criminal process to punish" her for filing various Americans with Disabilities requests, various civil and probate filings, and misconduct complaints. (Doc. 2 at 2.) LaMarr alleges that the conduct of the defendant resulted in the filing of felony criminal charges against her. (Doc. 2 at 2.)

LaMarr's factual allegations are fairly vague, claiming that she has filed various ADA requests and civil actions that are constitutionally protected conduct. (Doc. 2 at 3.) The County used this information from these filings in a "stigmatizing, punitive, and retaliatory" and unlawful manner to bring criminal charges. *Id.* LaMarr characterizes many of the County's actions as a result of a policy or custom.

LaMarr asserts six claims: Count I First Amendment retaliation; Count II ADA Title II retaliation and interference; Count III Fourteenth Amendment Due Process, denial of access to the courts; Count IV Fourteenth Amendment Privacy Violation; Count V Stigma-Plus Defamation; and Count VI Abuse of Process. These will be discussed in detail below.

LaMarr requests injunctive relief and various forms of monetary damages. (Doc. 2 at 6.)

## III. SCREENING PURSUANT TO 28 U.S.C. §§ 1915

LaMarr is proceeding in forma pauperis so the Court must review her Complaint under 28 U.S.C. § 1915. Section 1915(e)(2)(B) requires the Court to dismiss a complaint filed in forma pauperis if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se*

complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### A. LaMarr fails to state a claim

#### 1. First Amendment retaliation

LaMarr alleges, without detail, that she submitted various documents that constitute "protected activity under federal law." (Doc. 2 at 3.) LaMarr alleges, without elaboration, that the County "adopted a policy or custom" of treating her filings as harassment, vexatiousness, or unauthorized practice of law. *Id.*

To state a First Amendment retaliation claim, LaMarr must plausibly allege that (1) she was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct." *Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1053 (9th Cir. 2019) (citing *O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016)). To ultimately "prevail on such a claim, a plaintiff must establish a 'causal connection' between the government defendant's 'retaliatory animus' and the plaintiff's 'subsequent injury.' " *Nieves v. Bartlett*, 587 U.S. 391, 398 (2019) (quoting *Hartman v. Moore*, 547 U.S. 250, 259 (2006)). LaMarr must show that the defendant's retaliatory animus was "a 'but-for' cause, meaning that the adverse

action against the plaintiff would not have been taken absent the retaliatory motive." *Id.* (quoting *Hartman*, 547 U.S. at 260).

In this instance, LaMarr has neither pled sufficient facts, nor could she, until her criminal case is resolved. That is, she has not plausibly alleged facts to show that Lewis and Clark County had a deliberate policy, custom, or practice of retaliating against individuals for their First Amendment conduct that motivated its actions, as required by *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). *See also Connick v. Thompson*, 563 U.S. 51, 60 (2011) (explaining that local governments are responsible only for 'their *own* illegal acts,'" and therefore to impose liability on a local government under § 1983, plaintiffs must prove that an "action pursuant to official municipal policy" caused their injury (citations omitted)). LaMarr fails to allege facts that plausibly assert such a policy by Lewis and Clark County. She concludes that that the County has such a policy or custom but alleges no facts to show what that policy might be or how it manifests. Nor has she credibly alleged any chilling of her First Amendment activity.

Further, LaMarr could not allege sufficient facts at this juncture. To state a claim, she must plausibly allege that an intent to retaliate was the but-for cause of filing charges against her. She claims the prosecutorial affidavit filed in her criminal cases mischaracterizes her "protected First Amendment activity." Until

her criminal case is resolved, she cannot plausibly allege that the charges or the content of the affidavit are retaliatory, and not the actual basis of a criminal charge.

2. ADA Title II retaliation and interference

LaMarr alleges the County interfered with her Americans with Disabilities (ADA) rights and retaliated against her for requesting accommodations and filing ADA Complaints. (Doc. 2 at 5.) She asserts this is a Title II retaliation claim. *Id.*

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a Title II disability discrimination claim, LaMarr must allege: (1) she is a 'qualified individual with a disability'; (2) she was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of her disability. *Updike v. Multnomah Cnty.*, 870 F.3d 939, 949 (9th Cir. 2017) (quoting *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001)), *cert. denied*, 586 U.S. 814 (2018).

LaMarr has not alleged sufficient facts to show that the County had a policy or practice that excluded her from participation in the County's services or was otherwise discriminated against. Again, she relies either on very vague allegations

of some kind of unknown actions by the County, or she relies on the fact of her criminal prosecution, which cannot at this time be asserted as an incident of retaliation. LaMarr fails to state a claim for ADA retaliation.

3. Fourteenth Amendment Due Process

LaMarr alleges that County obstructed her ability to access the courts and "pursue legal remedies by criminalizing her filings and misusing disability-related information." (Doc. 2 at 5.)

To state a denial of access claim, LaMarr must identify the following in her complaint: (1) a non-frivolous, arguable underlying claim, whether anticipated or lost; (2) the official acts frustrating the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). In addition, LaMarr must allege facts to show that the County had a policy or practice to frustrate her access to the courts.

LaMarr has failed to allege plausible facts to show such a claim. She vaguely asserts that she has filed various claims and complaints, but she does not identify a viable underlying claim. Nor does she show how any acts of the County itself have frustrated her filings through policy or practice. She also fails to allege facts to show that she cannot continue to pursue any legitimate claims in court. As to whether the case that she claims "criminalizes" her filings thwarts her access,

that fact cannot be determined at this point for the reasons described below.

4. Fourteenth Amendment Privacy Violation

LaMarr alleges the County misused her disability-related information for an unlawful purpose, violating her "constitutional right to informational privacy." (Doc. 2 at 5.) LaMarr alleges that a County employee used this information in an unlawful way but does not provide sufficient facts to show what this conclusory unlawful use was, or even what the private information was. (Doc. 2 at 3.) Not all "private" information is constitutionally protected. *In re Crawford,* 194 F.3d 954, 958–959 (9th Cir.1999) (recognizing informational privacy as a constitutionally protected interest but one that is not absolute). While medical information may usually be protected, LaMarr's allegations do not explain how the information was acquired; to the extent LaMarr disclosed her own information in various filings, she cannot now complain that others have used it. Finally, LaMarr does not allege facts to show that the County had a policy or practice of violating her privacy. LaMarr fails to state a claim.

5. Stigma-Plus Defamation and Abuse of Process

Because LaMarr has failed to state a federal claim for relief, the Court declines to exercise its jurisdiction over any state law claims.

**B. The Court must abstain under *Younger***

There is a strong policy against federal intervention in state judicial

processes in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger v. Harris*, 401 U.S. 37, 45 (1971); *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968), *cert. denied* 391 U.S. 917 (1968). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds, Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (citing *Younger*, 401 U.S. at 40-41). In this case, LaMarr is subject to a current criminal prosecution in state court. The Court must abstain from hearing LaMarr's claims.

"Abstention in civil cases 'is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges.'" *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018) (*quoting ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014), *Sprint Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 81 (2013)). If these "threshold elements" are met, then the Court must "consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *ReadyLink*, 754 F.3d at 759 citing *Gilbertson*, 381 F.3d at 978, 983–84.

Here, the "threshold elements" of *Younger* are present. First, LaMarr's allegations all stem from the ongoing criminal proceedings against her. State criminal enforcement actions implicate an important state interest to enforce the local and state laws. *See Younger*, 401 U.S. at 43-44. The State of Montana has a significant state interest in enforcing the criminal laws of Montana. This Court may not interfere with those interests when the process is ongoing.

Second, LaMarr will have an adequate opportunity in the state district court to raise any issues she has regarding her federal rights. "[T]he threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Younger*, 401 U.S. at 46. "The Supreme Court has been clear that *Younger* abstention is motivated by the need to refrain from granting injunctive relief where a litigant has adequate legal remedies and therefore does not face immediate irreparable injury, and by the "even more vital consideration" of comity." *Duke v. Gastelo*, 64 F.4th 1088, 1095 (9th Cir. 2023). LaMarr has opportunities within her ongoing criminal proceedings in Montana courts to address any alleged violations of her federal rights, including her allegations that the criminal prosecutions are illegal retaliation for First Amendment activities, and her ADA complaints.

"*Younger* abstention is proper only when the federal relief sought would interfere in some manner in the state court litigation." *Meredith v. Oregon*, 321

F.3d 807, 816–17 (9th Cir. 2003). Here, a determination regarding LaMarr's claims would have the effect of interfering with the "state courts' ability to enforce constitutional principles and put the federal court in the position of making a premature ruling on a matter of constitutional law." *Gilbertson*, 381 F.3d at 984. If, for example, this Court concluded that there were flaws in the prosecution of LaMarr, that would interfere with the Montana court's ability to resolve those issues in her prosecution.

When all four prongs of the *Younger* test are satisfied, as here, the Court must abstain from adjudicating LaMarr's claims.

## III. CONCLUSION

LaMarr fails to state a claim against Lewis and Clark County. Title 28 U.S.C. § 1915 requires a court to dismiss a complaint that fails to state a claim upon which relief may be granted, but these statutes do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Here, the Court concludes that amendment would be futile, and abstention under *Younger* is appropriate. Therefore, the Complaint must be dismissed.

Accordingly, it is HEREBY ORDERED:

1. LaMarr's motion to proceed in forma pauperis is GRANTED. (Doc. 1.)

2. LaMarr's Complaint is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 28th day of October, 2026.

Susan P. Watters

Susan P. Watters, District Judge
United States District Court